UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

RACHEL LAUZURIQUE, on behalf of herself
and others similarly situated,

    Plaintiff,

v.

PUBLIC HEALTH TRUST OF MIAMI-DADE COUNTY,

    Defendant.
_____/

## COMPLAINT

1. Plaintiff, RACHEL LAUZURIQUE (hereinafter referred to as "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

2. Defendant, PUBLIC HEALTH TRUST OF MIAMI-DADE COUNTY, has at all times material to this Complaint operated and done business as JACKSON HEALTH SYSTEM (hereinafter referred to as "Defendant" and "JACKSON HEALTH SYSTEM")—which has included but not necessarily been limited to JACKSON MEMORIAL HOSPITAL, JACKSON SOUTH COMMUNITY HOSPITAL, and JACKSON NORTH MEDICAL CENTER—in Miami-Dade County, Florida within the jurisdiction of this Court.

3. Plaintiff brings this action on behalf of herself[1] and other current and former employees of JACKSON HEALTH SYSTEM similarly situated to Plaintiff who have worked as "Credentialing Specialists," however variously titled, for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the

---

[1] Attached hereto is a signed Consent to Join of RACHEL LAUZURIQUE.

1

FLSA, 29 U.S.C. §216(b). It is the intent of this collective action to apply to all similarly situated employees of JACKSON HEALTH SYSTEM regardless of location.

4. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

5. All of, and/or a substantial part of, the events giving rise to this action occurred in Miami-Dade County, Florida within the jurisdiction of the United States District Court for the Southern District of Florida.

6. At all times material to this Complaint including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020, JACKSON HEALTH SYSTEM has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint including during the years 2017, 2018, 2019, and 2020, JACKSON HEALTH SYSTEM has employed two (2) or more employees who, *inter alia*, have regularly: (a) handled, worked with, and/or sold medical equipment, hospital equipment and supplies, office equipment such as copiers, scanners, faxes, computers and telephones, as well as paper, pens, U.S. Postal Service, and FedEx shipping materials, all of which were goods and/or materials that were produced for commerce outside of Florida and moved in interstate commerce; and (b) processed and participated in electronic bank transfers, insurance payments, and other financial electronic transactions across State lines between Florida and other States across the United States.

7. Based upon information and belief, the annual gross revenue (a/k/a sales volume) of JACKSON HEALTH SYSTEM has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020.

8. At all times material to this Complaint, including but not necessarily limited to during the years of 2017, 2018, 2019, and 2020, JACKSON HEALTH SYSTEM has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

9. During the three (3) year statute of limitations period between February 2017 and July 2019, Plaintiff worked for JACKSON HEALTH SYSTEM at JACKSON MEMORIAL HOSPITAL in Miami, Florida in the position titled as "Credentialing Specialist," with Plaintiff's primary duties that consisted of the following non-exempt tasks: ministerial, clerical processing of applications and collecting documents for the credentialing of new and established healthcare providers pursuant to established protocols which had to be strictly followed in order for files to be provided to the Chief Medical Officer and Credentialing Committee who made credentialing decisions.

10. The additional persons who may become Plaintiffs in this action are JACKSON HEALTH SYSTEM's current and former "Credentialing Specialists," however variously titled, who have worked for Defendant in one or more weeks between within the three (3) year statute of limitations period between February 2017 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for JACKSON HEALTH SYSTEM.

11. During the three (3) year statute of limitations period between February 2017 and July 2019, Plaintiff regularly worked in excess of Forty (40) hours per week for Defendant while performing non-exempt work in the position known as "Credentialing Specialist."

12. Likewise, the other employees of JACKSON HEALTH SYSTEM who are similarly situated to Plaintiff have regularly worked as "Credentialing Specialists," however,

variously titled, in excess of Forty (40) hours in one or more work weeks for Defendant within the three (3) year statute of limitations period between February 2017 and the present.

13. However, JACKSON HEALTH SYSTEM has failed to pay time and one-half wages for the overtime hours worked by Plaintiff and the other similarly situated "Credentialing Specialists," however variously titled, for all of their actual overtime hours worked within the three (3) year statute of limitations period, with Defendant instead paying salaried wages for Forty (40) hours per week but without time and one-half compensation for the overtime hours worked by Plaintiff and the other similarly situated employees each work week between February 2017 and the present.

14. During the three (3) year statute of limitations period between February 2017 and the present, JACKSON HEALTH SYSTEM has misclassified Plaintiff and the other "Credentialing Specialists" similarly situated to her as "exempt" from the overtime compensation requirements of the FLSA despite the primary job duties of Plaintiff and other "Credentialing Specialists" being non-exempt in nature.

15. The primary job duties performed by Plaintiff and the other similarly situated "Credentialing Specialists," however variously titled, for JACKSON HEALTH SYSTEM between February 2017 and the present *have not* involved the exercise of independent judgment nor were their primary duties administrative tasks that involved exercising discretion for Defendant's general business operations.

16. Likewise, the primary duties and work performed by Plaintiff and the other similarly situated "Credentialing Specialists," however variously titled, for JACKSON HEALTH SYSTEM between February 2017 and the present have required little skill and no capital investment, as these duties *did not* substantially include managerial responsibilities or the exercise

of independent judgment with respect to matters of significance in the operation of Defendant's administration or other operations.

17. Instead, Plaintiff and the other similarly situated "Credentialing Specialists," however variously titled, have devoted the majority of their working time for JACKSON HEALTH SYSTEM within the three (3) year statute of limitations period between February 2017 and the present to performing ministerial and clerical tasks for JACKSON HEALTH SYSTEM pursuant to strict protocols and guidelines established by licensing and accrediting agencies.

18. Finally, the primary duties of Plaintiff and the other similarly situated "Credentialing Specialists," however variously titled, for JACKSON HEALTH SYSTEM during the three (3) year statute of limitations period between February 2017 and the present *were not* management of any department(s), division(s), or job site(s) of JACKSON HEALTH SYSTEM, and Plaintiff and the other "Credentialing Specialists," however variously titled, had no authority for and *did not* interview, hire, discipline, or fire employees of Defendant.

19. During the three (3) year statute of limitations period between February 2017 and July 2019, Plaintiff regularly worked for JACKSON HEALTH SYSTEM while in the position of "Credentialing Specialist" with start times Monday through Friday of approximately 8:00 a.m. and stop times on weekdays of approximately 6:30 p.m.—while also working (a) on Saturdays at least twice (2) per month for approximately four (4) to eight (8) hours per Saturday; and (b) an average of two (2) to three (3) hours or more on Sundays each week—regularly working an average of between approximately Fifty-Five (55) to Sixty (60) hours per week.

20. However, JACKSON HEALTH SYSTEM has failed to pay time and one-half wages for all of the hours that Plaintiff and other "Credentialing Specialists," however variously titled, have worked in excess of Forty (40) hours per week for Defendant in numerous work weeks

during the three (3) year statute of limitations period between February 2017 and the present as required by the Fair Labor Standards Act, with Defendant instead misclassifying Plaintiff and other "Credentialing Specialists" as exempt from the FLSA's overtime compensation requirements and paying only salaried wages for Forty (40) hours of work per week.

21. Subject to discovery, based upon JACKSON HEALTH SYSTEM paying Plaintiff average gross weekly wages of approximately $1,017.66/week for Forty (40) hours of work per week per week between February 2017 and July 2019 and Plaintiff being owed an average of approximately Fifteen (15) uncompensated overtime hours per week from Defendant during a total of approximately One Hundred and Twenty-One (121) work weeks, if Plaintiff's unpaid overtime wages are found to be due and owing at the time and one-half rate of $38.16/hour [$1,017.66/40 hours = $25.44/hour x 1.5 = $38.16/hour], Plaintiff's unpaid overtime wages total $69,264.14 [$38.16/hour x 15 OT hours/week x 121 weeks = $69,264.14], whereas if Defendant were to be able to demonstrate that the FLSA's "fluctuating workweek method," 29 C.F.R. §778.114, governs the calculation of Plaintiff's unpaid overtime wages on a half-time basis at the rate of $9.25/hour [$1,017.66/55 hours = $18.50/2 = $9.25/hour], Plaintiff's unpaid overtime wages total $16,791.31 [$9.25/hour x 15 OT hours/week x 121 weeks = $16,791.31].

22. Based upon information and belief, JACKSON HEALTH SYSTEM has failed to maintain accurate records of the all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff and other similarly situated "Credentialing Specialists," however variously titled, during each week between February 2017 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7).

23. Nonetheless, JACKSON HEALTH SYSTEM had knowledge of the hours worked in excess of Forty (40) hours per week by Plaintiff other similarly situated "Credentialing

6

Specialists," however variously titled, during each week between February 2017 and the present but Defendant willfully failed to compensate Plaintiff and the other similarly situated employees for all of their actual overtime hours worked for Defendant, instead accepting the benefits of the work performed by Plaintiff and other "Credentialing Specialists" without the overtime compensation required by the FLSA, 29 U.S.C. §207.

24. The complete records reflecting the compensation paid by JACKSON HEALTH SYSTEM to Plaintiff and all other similarly situated "Credentialing Specialists," however variously titled, at any location between February 2017 and the present are in the possession, custody, and/or control of Defendant.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

25. Plaintiff, RACHEL LAUZURIQUE, readopts and realleges the allegations contained in Paragraphs 1 through 24 above.

26. Plaintiff is entitled to be paid time and one-half of her applicable regular rates of pay for each hour she worked for JACKSON HEALTH SYSTEM as a non-exempt employee in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between February 2017 and July 2019.

27. All similarly situated non-exempt "Credentialing Specialists," however variously titled, of JACKSON HEALTH SYSTEM are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they have worked for Defendant but were not properly compensated for working on Defendant's behalf during any work weeks within the three (3) year statute of limitations period between February 2017 and July 2019.

28. JACKSON HEALTH SYSTEM has knowingly and willfully failed to pay Plaintiff and the other non-exempt "Credentialing Specialists," however variously titled, similarly situated

to her at time and one-half of their applicable regular rates of pay for all hours worked for Defendant in excess of Forty (40) per week between February 2017 and July 2019.

29. At all times material to this Complaint, JACKSON HEALTH SYSTEM had constructive and actual notice that Defendant's compensation practices did not provide Plaintiff and other "Credentialing Specialists," however variously titled, with time and one-half wages for all of their actual overtime hours worked between February 2017 and the present based upon, *inter alia*, Defendant: (a) failing to maintain accurate time records of the actual start times, actual stop times, and actual total hours worked each week by Plaintiff and the other "Credentialing Specialists"; and (b) knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated employees, and instead failing to pay time and one-half wages for the overtime hours that JACKSON HEALTH SYSTEM knew had been worked for the benefit of Defendant.

30. By reason of the said intentional, willful and unlawful acts of JACKSON HEALTH SYSTEM, all Plaintiffs (the named Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorneys' fees.

31. Based upon information and belief, at all times material to this Complaint, JACKSON HEALTH SYSTEM did not have a good faith basis for its failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated "Credentialing Specialists," however variously titled, between February 2017 and the present, as a result of which Plaintiff and those similarly situated to her are entitled to the recovery of liquidated damages from Defendant pursuant to 29 U.S.C. §216(b).

32. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from JACKSON HEALTH SYSTEM

all reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the FLSA.

33. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, RACHEL LAUZURIQUE and any current or former employees similarly situated to her who join this action as Opt-In Plaintiffs, demand judgment against Defendant, PUBLIC HEALTH TRUST OF MIAMI-DADE COUNTY, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated: February 2, 2020                           Respectfully submitted,

                                 By:   **KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail: employlaw@keithstern.com
LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Telephone: (305) 901-1379
Fax: (561) 288-9031
Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant, **The Public Health Trust of Miami-Dade County d/b/a Jackson Memorial Hospital/Jackson Health System**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendants, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*rachel lauzurique*
rachel lauzurique (Jan 20, 2020)

**Rachel Lauzurique**