UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number:  20-20464-CIV-OTAZO-REYES

CONSENT CASE

RACHEL LAUZURIQUE, on behalf of herself
and others similarly situated,

      Plaintiff,

v.

PUBLIC HEALTH TRUST OF MIAMI-DADE COUNTY,

      Defendant.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISS WITH PREJUDICE PLAINTIFF'S COMPLAINT

Plaintiff, RACHEL LAUZURIQUE, and Defendant, PUBLIC HEALTH TRUST OF MIAMI-DADE COUNTY, by and through their respective undersigned counsel and pursuant to Local Rule 7.1, Local Rules for the United States District Court Southern District of Florida, hereby file this *Joint Motion to Approve Settlement Agreement and Dismiss with Prejudice Plaintiff's Complaint*, and state the following in support thereof:

1. In February 2020, Plaintiff filed a civil action against Defendant alleging overtime claims under the Fair Labor Standards Act of 1938 (FLSA).

2. Defendant has denied and continues to deny Plaintiff's allegations that any violation of the FLSA occurred and Defendant has maintained throughout the instant litigation that Plaintiff was properly classified as exempt from the FLSA's overtime compensation provisions.  More specifically, the parties dispute, *inter alia*: (a) whether the administrative

exemption is applicable to Plaintiff as a "Credentialing Specialist"; (b) whether Plaintiff could establish a willful violation to trigger the FLSA's three (3) year (versus two (2) year) statute of limitations; (c) the method of calculating Plaintiff's alleged overtime wages, if any, by using half-time pursuant to either the FLSA's fluctuating work week method or a time and one-half calculation; (d) the number of hours Plaintiff in fact worked each work week during the two (2) year statute of limitations period between February 2018 and July 2019 (or at most back to February 2017 under a year SOL period); and (e) whether Defendant could establish a good faith basis to avoid the imposition of liquidated damages.

3. To avoid the costs and uncertainty of summary judgment briefing and a trial, as well as potential appeals, the parties negotiated a compromise settlement of this matter after a lengthy Settlement Conference before the Court on January 26, 2021.

4. The parties' Settlement Agreement resolves all disputes between Plaintiff and Defendant.

5. Pursuant to *Lynn's Food Stores, Inc., v. United States*, 679 F. 2d 1350 (11th Cir. 1982), claims for overtime wages arising under the FLSA may be settled or compromised only with the approval of the Court or Secretary of Labor.

6. Importantly, Plaintiff ultimately made a decision to accept a compromise sum to resolve her underlying claims alleged overtime wages and liquidated damages as set forth in the parties' confidential Settlement Agreement, in addition to which Defendant has also agreed to a compromise to resolve Plaintiff's claims for attorneys' fees and costs as set forth in the Settlement Agreement, which amounts were agreed upon by Plaintiff separately from and without regard to her underlying FLSA claims.

7. Accordingly, Plaintiff and Defendant respectfully request that the Court review and approve the parties' confidential Settlement Agreement, which is being submitted to the Court via e-mail for *in camera* review.

8. The parties stipulate that the settlement reached between them represents a "fair and reasonable" resolution of Plaintiff's FLSA claims. The parties also stipulate that the settlement reached between them advances judicial economy.

9. The parties further stipulate to the dismissal with prejudice of this action upon approval by the Court of the Settlement Agreement.

WHEREFORE, Plaintiff, RACHEL LAUZURIQUE, and Defendant, PUBLIC HEALTH TRUST OF MIAMI-DADE COUNTY, respectfully request that this Court approve the parties' confidential Settlement Agreement, dismiss with prejudice Plaintiff's complaint, and retain jurisdiction of this case for Sixty (60) days to enforce the parties' Settlement Agreement.

Respectfully submitted this 4th day of February 2021.

| | |
|---|---|
| **s/KEITH M. STERN** | **s/MARLON D. MOFFETT** |
| Keith M. Stern, Esquire | Marlon D. Moffett, Esquire |
| Florida Bar No. 321000 | Florida Bar No. 21883 |
| E-mail: employlaw@keithstern.com | E-mail: mdm2@miamidade.gov |
| LAW OFFICE OF KEITH M. STERN, P.A. | Miami-Dade County Attorney's Office |
| 80 S.W. 8th Street, Suite 2000 | Stephen P. Clark Center |
| Miami, Florida 33132 | 111 NW 1st Street, Suite 2810 |
| Telephone: (305) 901-1379 | Miami, Florida 33128 |
| Attorney for Plaintiff | Telephone: (305) 375-5151 |
| | Facsimile: (305) 375-5634 |
| | Attorney for Defendant |